

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00330-CR

**THE STATE OF TEXAS,**

           **Appellant**

 **v.**

**PAULA S. HOLLIS,**

           **Appellee**

---

**From the County Court at Law No. 2
Brazos County, Texas
Trial Court No. 3298-A**

---

# OPINION

---

In a de novo appeal from justice court, Paula S. Hollis pleaded guilty to driving 72 miles per hour in a 55-mile-per-hour zone. The court deferred a finding of guilt and ordered Hollis to complete a driving safety course upon the successful completion of which the court would dismiss the case. The State contends in its sole issue that this is an illegal sentence under article 42.111 of the Code of Criminal Procedure because this statute prohibits a county court from granting such relief for a "case disposed of under

Subchapter B, Chapter 543, Transportation Code, or a serious traffic violation as defined by Section 522.003, Transportation Code." We will affirm.

## Article 42.111

Article 42.111 provides:

> If a defendant convicted of a misdemeanor punishable by fine only appeals the conviction to a county court, on the trial in county court the defendant may enter a plea of guilty or nolo contendere to the offense. If the defendant enters a plea of guilty or nolo contendere, the court may defer further proceedings without entering an adjudication of guilt in the same manner as provided for the deferral of proceedings in justice court or municipal court under Article 45.051 of this code. This article does not apply to a misdemeanor case disposed of under Subchapter B, Chapter 543, Transportation Code, or a serious traffic violation as defined by Section 522.003, Transportation Code.

TEX. CODE CRIM. PROC. ANN. art. 42.111 (Vernon 2006).

The State's primary contention is that article 42.111 does not apply because Hollis committed "a serious traffic violation as defined by Section 522.003, Transportation Code." Hollis responds that this exclusion applies only to commercial driver's license (CDL) holders because Chapter 522 of the Transportation Code applies only to CDL's.

The State essentially contends that the first exclusion for "a misdemeanor case disposed of under Subchapter B, Chapter 543" applies to any traffic offense for which a defendant could have received deferred adjudication[1] in justice court[2] under article

---

[1]     Unless otherwise indicated, we use the term "deferred adjudication" hereinafter to refer to the process used primarily for traffic offenses by which a court defers a finding of guilt, permits the defendant to take a driving safety course, then dismisses the charge upon successful completion of the course.

45.0511 of the Code of Criminal Procedure (the successor statute to Subchapter B, Chapter 543 of the Transportation Code). As the State argued in the trial court, article 45.0511, which provides for dismissal of a speeding ticket after completion of a driving safety course, "does not apply when a case is appealed from justice court." Hollis responds with a two-part argument. First, she contends that this exclusion is meaningless because Subchapter B was repealed in 1999. In the alternative, she argues that the exclusion applies only if the defendant appeals after being permitted to take a driving safety course by the justice court under article 45.0511, thereby preventing "two 'bites' at the proverbial punishment apple."

We will apply the principles of statutory construction to determine the meaning of the statute.

### Statutory Construction

> If the plain language of a statute would lead to absurd results, or if the language is not plain but rather ambiguous, then and only then, out of absolute necessity, is it constitutionally permissible for a court to consider, in arriving at a sensible interpretation, such extratextual factors as executive or administrative interpretations of the statute or legislative history.

*State v. Neesley*, 239 S.W.3d 780, 783 (Tex. Crim. App. 2007) (quoting *Boykin v. State*, 818 S.W.2d 782, 785-86 (Tex. Crim. App. 1991)). "In the context of statutory construction, 'ambiguity exists when a statute is capable of being understood by reasonably well-informed persons in two or more different senses.' In contrast, a statute is

---

[2] Although the same principles generally apply to both justice court and municipal court, we refer to both hereinafter as "justice court" except where quoting a statute or discussing a particular decision involving a municipal court.

unambiguous where it 'admits of no more than one meaning.'" *Id.* (quoting 2A NORMAN J. SINGER, STATUTES AND STATUTORY CONSTRUCTION § 45.02 (5th Ed. 1992)).

Article 42.111 is "capable of being understood by reasonably well-informed persons in two or more different senses." *See id.* Thus, we will consider relevant extratextual factors to arrive at a "sensible interpretation" of the statute. *Id.*; *Boykin*, 818 S.W.2d at 785-86. We will do so by tracing the history of this and related statutes.[3] *See* TEX. GOV'T CODE ANN. § 311.023(3), (4) (Vernon 2005).[4]

### Kutner v. Russell

To understand the meaning of the relevant statutes, we begin with the 1983 decision of the Court of Criminal Appeals in *Kutner v. Russell*, 658 S.W.2d 585 (Tex. Crim. App. 1983) (orig. proceeding), then examine amendments to the relevant statutes enacted before article 42.111 was enacted in 1989.

Kutner was convicted of a traffic offense in municipal court and appealed to a statutory county court. On appeal, he sought to take a driving safety course under article 6701d, section 143A which authorized the municipal court to defer proceedings in traffic cases for 90 days to permit the defendant to take a driving safety course and to dismiss the charge when furnished with written evidence of successful completion of

---

[3]    This opinion will focus primarily on three interrelated statutes: (1) article 42.111 of the Code of Criminal Procedure; (2) article 45.051 of the Code of Criminal Procedure (former article 45.54); and (3) article 45.0511 (former article 6701d, section 143A of the Revised Civil Statutes). The legislative history for these three statutes indicates that they have frequently been amended in concomitant fashion.

[4]    Under section 311.023(3) and (4) of the Code Construction Act, a court may consider "legislative history" and "common law or former statutory provisions, including laws on the same or similar subjects." TEX. GOV'T CODE ANN. § 311.023(3), (4) (Vernon 2005); *see Routier v. State*, 273 S.W.3d 241, 247 n.18 (Tex. Crim. App. 2008) ("The Code Construction Act applies to amendments to the Code of Criminal Procedure . . . enacted after the 60th Legislature.").

the course. The county court refused Kutner's request, and he sought a writ of

mandamus from the Court of Criminal Appeals. *Id.* at 585-86.

The Court denied mandamus relief, holding:

> The caption [to section 143A] describes the statute as "[a]n Act relating to a driving safety course as an *alternative to prosecution* for certain traffic offenses. . . ." When a person stands "charged" with an offense he may, under circumstances prescribed by the Act, choose between going to trial or taking a driving course. After foregoing the "alternative to prosecution," choosing to go to trial, and after having been convicted, he may not invoke the statute on appeal to the county court at law.

*Id.* at 586 (citation to session law omitted) (citing Op. Tex. Att'y Gen. No. MW-428

(1982)).[5]

When *Kutner* was decided, section 143A read in pertinent part as follows:

(a) When a person is charged with a misdemeanor offense under this Act, other than a violation of Section 50 or 51,[6] committed while operating a motor vehicle, the court:

> (1) in its discretion may defer proceedings and allow the person 90 days to present evidence that, subsequent to the alleged act, the person has successfully completed a defensive driver's course approved by the Texas Department of Public Safety or other driving safety course approved by the court; or

> (2) shall defer proceedings and allow the person 90 days to present written evidence that, subsequent to the alleged act, the person has

---

[5] In Opinion No. MW-428, the Attorney General concluded that an otherwise eligible defendant cannot exercise the option to take a driving safety course under section 143A after the commencement of his trial on the merits in justice court. *See* Op. Tex. Att'y Gen. No. MW-428 (1982).

[6] Article 6701d, section 50 defined the offense of driving under the influence of drugs. *See* Act of Apr. 19, 1971, 62d Leg., R.S., ch. 83, § 18, 1971 Tex. Gen. Laws 722, 730 (repealed 1983) (current version at TEX. PEN. CODE ANN. § 49.04 (Vernon 2003)). Section 51 defined the offense of reckless driving. *Id.* Act of Apr. 19, 1971, 62d Leg., R.S., ch. 83, § 20, 1971 Tex. Gen. Laws 722, 731 (repealed 1995) (current version at TEX. TRANSP. CODE ANN. § 545.401 (Vernon 1999)).

successfully completed a driving safety course approved by the court, if [three additional requirements are satisfied].[7]

Act of May 26, 1979, 66th Leg., R.S., ch. 610, § 1, 1979 Tex. Gen. Laws 1359, 1359 (footnotes added).

The 68th Legislature amended section 143A in pertinent part[8] by deleting the reference to "Section 50" as part of a comprehensive amendment to the then-existing statutes governing driving while intoxicated.[9] *See* Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 22, 1983 Tex. Gen. Laws 1568, 1601-02.

In 1986, the Attorney General was asked to construe article 45.54 to determine, among other things, whether this statute authorized a county judge to grant deferred adjudication on appeal for a traffic offense. *See* Op. Tex. Att'y Gen. No. JM-526 (1986). At that time, article 45.54(1) provided in pertinent part:

> Upon conviction of the defendant of a misdemeanor punishable by fine only, other than a misdemeanor described by Section 143A, Uniform Act Regulating Traffic on Highways, as amended (Article 6701d, Vernon's Texas Civil Statutes), the justice may suspend the imposition of the fine and defer final disposition of the case for a period not to exceed 180 days.

---

[7]    The three additional requirements under subsection (a)(2) were that the person must: (A) present to the court an oral request or written motion to take the course; (B) have a valid Texas driver's license or permit; and (C) not have taken a driving safety course within the two years immediately preceding the date of the alleged offense.  Act of May 26, 1979, 66th Leg., R.S., ch. 610, § 1, 1979 Tex. Gen. Laws 1359, 1359.

[8]    This opinion addresses more than 25 years of legislative history with regard to the pertinent statutes.  The various legislatures have enacted countless, sometimes repetitive, amendments to these statutes.  In this opinion, we focus on amendments relating to offenses expressly excluded from eligibility for deferred adjudication and those relating to the timing for the defendant's request for deferred adjudication.

[9]    The 68th Legislature also repealed Section 50 and amended article 6701*l*-1 (the DWI statute) to include loss of faculties due to the use of a controlled substance or drug within the statutory definition of "intoxicated."  *See* Act of Act of May 27, 1983, 68th Legislature, R.S., ch. 303, §§ 3, 27, 1983 Tex. Gen. Laws 1568, 1574-77, 1606-07.

Act of May 29, 1981, 67th Leg., R.S., ch. 318, § 1, 1981 Tex. Gen. Laws 894, 894.

After reviewing *Kutner*, the Attorney General concluded that a county court was not authorized to grant deferred adjudication in this situation.

> [W]e believe that the Texas Court of Criminal Appeals will take a similar position in the construction of article 45.54.   Kutner, supports the conclusion that the county court has no statutory power to invoke article 45.54 when a defendant has been originally charged and convicted in a municipal or justice court because, like section 143A of article 6701d, the legislature did not expressly provide for this purpose or construction. Accordingly, we conclude that only a municipal judge and a justice of the peace may take action under article 45.54 of the Code of Criminal Procedure.

Op. Tex. Att'y Gen. No. JM-526.

> The legislature amended article 45.54(1) in 1987 as follows:

> Upon conviction of the defendant of a misdemeanor punishable by fine only, other than a misdemeanor *disposed of* [~~described~~] by Section 143A, Uniform Act Regulating Traffic on Highways[~~, as amended~~] (Article 6701d, Vernon's Texas Civil Statutes), the justice may suspend the imposition of the fine and defer final disposition of the case for a period not to exceed 180 days.

Act of May 18, 1987, 70th Leg., R.S., ch. 226, § 1, 1987 Tex. Gen. Laws 1523, 1523.  The House Committee on Criminal Jurisprudence explained the reasoning behind this amendment in its bill analysis.

The Committee observed that, under the prior law which excluded traffic offenses "described by Section 143A," "Misdemeanor traffic charges which, for one reason or another, are not disposed of through the Defensive Driving Program, may not receive deferral action and dismissal under Article 45.54."   HOUSE COMM. ON CRIM. JURIS., BILL ANALYSIS, S.B. 1422, 70th Leg., R.S. (1987).  Thus, the statute was amended

"to provide that only those misdemeanor traffic violations which are disposed of through the Defensive Driving Program are excluded from the provisions of the Article." *Id.*

The effect of the 1987 amendment to article 45.54 was to permit a justice court to grant deferred adjudication to a defendant charged with a traffic offense who failed, "for one reason or another," to invoke the provisions of section 143A.

The 70th Legislature also amended section 143A in 1987 by:

- adding a requirement that a defendant invoke the provisions of section 143A "on or before the answer date on the citation";[10] and

- prohibiting a defendant from invoking the provisions of section 143A if the charge was for "speeding 25 miles per hour or more over the posted speed limit." *Id.*

Act of June 1, 1987, 70th Leg., R.S., ch. 1059, § 1, 1987 Tex. Gen. Laws 3591, 3591-92.

With this background in mind, we move forward to 1989 when the legislature enacted article 42.111.

### 1989 Amendments

As originally enacted, article 42.111 provided:

> If a defendant convicted of a misdemeanor punishable by fine only, other than a misdemeanor disposed of by Section 143A, Uniform Act Regulating Traffic on Highways (Article 6701d, Vernon's Texas Civil Statutes), appeals the conviction to a county court, on the trial in county court the defendant may enter a plea of guilty or nolo contendere to the offense. If the defendant enters a plea of guilty or nolo contendere, the court may defer further proceedings without entering an adjudication of guilt in the same manner as provided for the deferral of proceedings in justice court or municipal court under Article 45.54 of this code.

---

[10]    This deadline was apparently added in response to Attorney General Opinion No. MW-428. *See* note 5, *supra*.

Act of May 28, 1989, 71st Leg., R.S., ch. 399, § 2, 1989 Tex. Gen. Laws 1540, 1540-41.

The legislature amended article 45.54(1) in 1989 as follows:

> *On a plea of guilty or nolo contendere by a* [Upon conviction of the] defendant *or on a finding of guilt in* [of] a misdemeanor *case* punishable by fine only, other than a misdemeanor *case* disposed of by Section 143A, Uniform Act Regulating Traffic on Highways (Article 6701d, Vernon's Texas Civil Statutes), *and payment of all court costs,* the justice may *defer further proceedings without entering an adjudication of guilt and place the defendant on probation* [suspend the imposition of the fine and defer final disposition of the case] for a period not to exceed 180 days.

Act of May 28, 1989, 71st Leg., R.S., ch. 399, § 1, 1989 Tex. Gen. Laws 1540, 1540.

So in 1989, a defendant who committed a misdemeanor traffic offense other than reckless driving could have the proceedings deferred in justice court under section 143A, take a driving safety course, and have the charge dismissed. *See* Act of May 9, 1989, 71st Leg., R.S., ch. 156, § 1, 1989 Tex. Gen. Laws 535, 535-36. And if this defendant failed, "for one reason or another," to invoke the provisions of section 143A, he could seek deferred adjudication under article 45.54.

If a defendant chose to appeal a fine-only misdemeanor conviction to county court, then he or she could obtain deferred adjudication in county court "in the same manner as provided" by article 45.54, unless the conviction was for "a misdemeanor disposed of by Section 143A."

As originally enacted, article 42.111 provided for deferred adjudication in an appeal from only a *conviction* and excluded from its coverage an appeal from a misdemeanor *disposed of* by section 143A. *See Tapps v. State*, 294 S.W.3d 175, 177 (Tex. Crim. App. 2009) (in construing a statute, "[w]e assume that every word has been used

for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible.") (quoting *Campbell v. State*, 49 S.W.3d 874, 876 (Tex. Crim. App. 2001)). At first glance, it would seem that a misdemeanor disposed of under section 143A would have been dismissed rather than resulting in a conviction. If such a case were dismissed, then there would be no appeal.

Conversely, if the defendant failed to complete the driving safety course, the justice court would have presumably "revoked" his or her deferred adjudication, adjudicated guilt, and imposed a fine, resulting in an appealable "conviction."[11] Under this scenario, article 42.111 could be construed to mean that if a defendant attempted but failed to obtain dismissal of a traffic ticket under section 143A because of the defendant's non-compliance with the requirements of the statute, then the defendant could not seek a deferral of proceedings on appeal to the county court.

A third possibility involves construing article 42.111 in the same manner as article 45.54, which had identical language regarding "a misdemeanor disposed of by

---

[11] A formal "revocation" provision was not included in this statute until 2003 when the Legislature amended section 45.0511(j) of the Code of Criminal Procedure to read:

> If the defendant fails to appear at the time and place stated in the notice under Subsection (i), or appears at the time and place stated in the notice but does not show good cause for the defendant's failure to comply with Subsection (c), the court shall enter an adjudication of guilt and impose sentence.

Act of June 1, 2003, 78th Leg., R.S., ch. 1182, § 2, 2003 Tex. Gen. Laws 3380, 3383.

> Conversely, article 45.54(3), as originally enacted, provided that, if the defendant failed to satisfy the conditions of deferred adjudication, the justice court could "reduce the fine assessed" or "impose the fine assessed." Act of May 29, 1981, 67th Leg., R.S., ch. 318, § 1, 1981 Tex. Gen. Laws 894, 894. The statute was amended in 1989 to expressly authorize the justice court to "proceed with an adjudication of guilt" and impose the original or a lesser fine if the defendant failed to satisfy the conditions of deferred adjudication. Act of May 28, 1989, 71st Leg., R.S., ch. 399, § 1, 1989 Tex. Gen. Laws 1540, 1540.

Section 143A."  This construction has support in the language of article 42.111 because the statute expressly authorized the deferral of proceedings without an adjudication of guilt "in the same manner as provided for the deferral of proceedings in justice court or municipal court under Article 45.54."  Following this interpretation, a defendant who appealed a fine-only misdemeanor conviction (other than "a misdemeanor disposed of by Section 143A") from justice court to county court could receive deferred adjudication in county court just as the defendant could have in justice court.

Because of the similarities in the language of article 42.111 and article 45.54, this third alternative seems the most appropriate interpretation.  Under article 45.54, a justice court was authorized to grant deferred adjudication to a defendant charged with a traffic offense who failed, "for one reason or another," to invoke the procedures of section 143A.  In the same manner, we conclude that, as originally enacted, article 42.111 authorized a county court to grant deferred adjudication to a defendant who failed, "for one reason or another," to invoke the procedures of section 143A in justice court.  We will now trace the subsequent amendments to article 42.111 and related statutes to determine whether a different construction now applies.

### 1991 Amendments

Article 42.111 was amended in 1991 as follows:

If a defendant convicted of a misdemeanor punishable by fine only[, other than a misdemeanor disposed of by Section 143A, Uniform Act Regulating Traffic on Highways (Article 6701d, Vernon's Texas Civil Statutes),] appeals the conviction to a county court, on the trial in county court the defendant may enter a plea of guilty or nolo contendere to the offense.  If the defendant enters a plea of guilty or nolo contendere, the court may defer further proceedings without entering an adjudication of

guilt in the same manner as provided for the deferral of proceedings in justice court or municipal court under Article 45.54 of this code. *This article does not apply to a misdemeanor case disposed of by Section 143A, Uniform Act Regulating Traffic on Highways (Article 6701d, Vernon's Texas Civil Statutes), or a serious traffic violation as defined in Section 3(26), Texas Commercial Driver's License Act (Article 6687b—2, Revised Statutes).*

Act of May 21, 1991, 72d Leg., R.S., ch. 775, § 18, 1991 Tex. Gen. Laws 2761, 2766. The 72nd Legislature amended article 45.54(1) in similar fashion, deleting the phrase in the first sentence referring to section 143A and adding a second sentence identical to the one added to article 42.111. *See* Act of May 21, 1991, 72d Leg., R.S., ch. 775, § 19, 1991 Tex. Gen. Laws 2761, 2766-67.

The 72nd Legislature also amended section 143A in similar fashion so that subsection (a) read as follows:

> When a person is charged with a misdemeanor offense under this Act, other than a violation of Section 51 *or a serious traffic violation as defined in Section 3(26), Texas Commercial Driver's License Act (Article 6687b—2, Revised Statutes)*, committed while operating a motor vehicle, the defendant shall be advised by the court of his right to successfully complete a driving safety course . . . .

Act of May 21, 1991, 72d Leg., R.S., ch. 775, § 17, 1991 Tex. Gen. Laws 2761, 2766.[12]

Section 3(26) of the Texas Commercial Driver's License Act then provided in pertinent part:

---

[12] The 72nd Legislature also amended section 143A by adding violations of sections 39, 40, or 186 as traffic offenses for which a defendant could not obtain deferred adjudication. Act of May 25, 1991, 72d Leg., R.S., ch. 835, § 2, 1991 Tex. Gen. Laws 2875, 2888-89. Article 6701d, § 39 defined the offense of failure to stop and give information following an accident. *See* Uniform Act Regulating Traffic on Highways, 50th Leg., R.S., ch. 421, § 39, 1947 Tex. Gen. Laws 967, 974 (repealed 1995) (current version at TEX. TRANSP. CODE ANN. § 550.022 (Vernon Supp. 2009)). Article 6701d, § 40 defined the offense of failure to stop and render aid. *See* Uniform Act Regulating Traffic on Highways, 50th Leg., R.S., ch. 421, § 40, 1947 Tex. Gen. Laws 967, 974 (repealed 1995) (current version at TEX. TRANSP. CODE ANN. § 550.023 (Vernon 1999)). And article 6701d, § 186 defined the offense of fleeing. *See* Act of Apr. 19, 1971, 62d Leg., R.S., ch. 83, § 95, 1971 Tex. Gen. Laws 722, 771 (repealed 1995) (current version at TEX. TRANSP. CODE ANN. § 545.421 (Vernon Supp. 2009)).

"Serious traffic violation" means a conviction arising from the driving of a commercial motor vehicle for:

> (A) excessive speeding, involving a single charge of any speed 15 miles per hour or more above the posted speed limit.

Act of May 29, 1989, 71st Leg., R.S., ch. 236, § 1, 1989 Tex. Gen. Laws 1086, 1089.

As amended in 1991, a defendant could not obtain deferred adjudication in justice court under section 143A for reckless driving, failure to stop and give information following an accident, failure to stop and render aid, fleeing, speeding 25 mph or more above the posted limit, or a "serious traffic violation" committed while driving a commercial motor vehicle.

It is conceivable that as a result of the 1991 amendments a defendant could receive deferred adjudication in justice court under article 45.54 for reckless driving, failure to stop and give information following an accident, failure to stop and render aid, fleeing, or speeding 25 mph or more above the posted limit (even though the defendant could not under section 143A), but we need not decide whether that was so. Regardless, the 72nd Legislature made it clear that deferred adjudication was not available under article 45.54 to a defendant who committed a "serious traffic violation" while driving a commercial motor vehicle.[13]

---

[13] According to the principle *expressio unius est exclusius alterius*, the fact that the legislature chose to identify a specific category of traffic offenses for which deferred adjudication was not available under article 45.54 lends further credence to a construction that deferred adjudication was available under article 45.54 for traffic offenses not otherwise excluded. *See Dallas v. State*, 983 S.W.2d 276, 278 (Tex. Crim. App. 1998) ("if a statute specifies one exception to a general rule or assumes to specify the effects of a certain provision, other exceptions or effects are excluded") (quoting BLACK'S LAW DICTIONARY 692 (4th ed. 1951)).

Insofar as article 42.111 was amended with regard to cases "disposed of by Section 143A," the 1991 amendment does not indicate any change in legislative intent. Thus, we hold that, as amended in 1991, article 42.111 authorized a county court to grant deferred adjudication to a defendant who failed, "for one reason or another," to invoke the procedures of section 143A in justice court. And consistent with the amendments to section 143A and article 45.54, the 72nd Legislature prohibited the granting of deferred adjudication on appeal in county court to a defendant who committed a "serious traffic violation" while driving a commercial motor vehicle.[14]

The House Committee on Public Safety's bill analysis bears out this interpretation.

> This change would make Driving Safety Courses unavailable to drivers of commercial motor vehicles who are "convicted" of serious traffic violations. The term "serious traffic violations" is a term of art specifically defined in 49 C.F.R. § 383.5. It includes five violations only: speeding 15 miles per hour [or] more above the posted speed limit, reckless driving, unsafe lane change, following too closely, and violations arising in connection with a fatal accident. The driving safety course alternative would still be available to drivers of commercial motor vehicles for other traffic tickets, such as running red lights or stop signs, and speeding as long as it was not 15 miles or more over the speed limit. Also, CDL licensees could still take advantage of the Driving Safety Course provisions if they received the traffic citations in vehicles other than commercial motor vehicles. For example, if a Class A CDL holder receives a citation for following too closely in his personal car, he can still take a Driving Safety Course to have that ticket dismissed, if otherwise eligible. The exclusion would only refer to serious traffic violations committed in commercial motor vehicles.

---

[14] And as with article 45.54, the fact that the legislature chose to identify a specific category of traffic offenses for which deferred adjudication was not available under article 42.111 lends further credence to a construction that deferred adjudication was available under article 42.111 for traffic offenses not otherwise excluded. *Id.*

. . . . The changes in the Code of Criminal Procedure would make this type of deferred disposition unavailable to drivers of commercial motor vehicles who commit serious traffic violations.

House Comm. on Pub. Safety, Bill Analysis, Tex. H.B. 1342, 72d Leg., R.S. (1991).

## 1995 Amendments[15]

The legislature enacted the Texas Transportation Code in 1995. Section 143A was codified as Subchapter B, Chapter 543 of the Transportation Code. *See* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 1, secs. 543.102-.104, 1995 Tex. Gen. Laws 1025, 1614-15; *see also* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 24(a), 1995 Tex. Gen. Laws 1025, 1870-71 (repealing article 6701d). Section 543.102 of the Transportation Code then provided:

> The court shall advise a person charged with a misdemeanor under this subtitle, committed while operating a motor vehicle, of the person's right to successfully complete a driving safety course. The right to complete a course does not apply to a person charged with a violation of Section 545.066, 545.401, 545.421, 550.022, or 550.023 or a serious traffic violation as defined by Section 522.003.

Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 1, sec. 543.102, 1995 Tex. Gen. Laws 1025, 1614.[16] Section 543.103(a)(6) continued the prohibition against deferred adjudication for

---

[15] For the sake of completeness, we note that section 143A was amended in 1993 by adding a violation of article 6701d, § 104, as an offense for which a defendant could not receive deferred adjudication. *See* Act of Apr. 26, 1993, 73d Leg., R.S., ch. 88, § 2, 1993 Tex. Gen. Laws 174, 175. Article 6701d, § 104 defined the offense of passing a school bus. *See* Act of May 27, 1985, 69th Leg., R.S., ch. 534, § 1, 1985 Tex. Gen. Laws 2137, 2137 (repealed 1995) (current version at Tex. Transp. Code Ann. § 545.066 (Vernon Supp. 2009)).

[16] The offenses listed in section 543.102 (sections 545.066, 545.401, 545.421, 550.022, and 550.023) were identical to those in former section 143A: passing a school bus; reckless driving; fleeing; failure to stop and give information following an accident; and failure to stop and render aid. *See* Tex. Transp. Code Ann. §§ 545.066, 545.401, 545.421, 550.022, 550.023. Although these statutes have been amended since 1995, the amendments have no bearing on Hollis's case.

speeding 25 mph or more above the posted limit. *See* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 1, sec. 543.103(a)(6), 1995 Tex. Gen. Laws 1025, 1614-15. And section 522.003 defined a serious traffic violation consistent with its predecessor statute as one committed while driving a commercial motor vehicle. Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 1, sec. 522.003(25), 1995 Tex. Gen. Laws 1025, 1580-81.

Neither article 45.54 nor article 42.111 were amended in 1995. Thus, these statutes continued to provide exclusions for "a misdemeanor case disposed of by Section 143A" and for "a serious traffic violation as defined in Section 3(26), Texas Commercial Driver's License Act (Article 6687b—2, Revised Statutes)." Despite these references to statutes which were repealed, the meaning of articles 45.54 and 42.111 did not change. *See* TEX. GOV'T CODE ANN. § 311.027 (Vernon 2005) ("Unless expressly provided otherwise, a reference to any portion of a statute or rule applies to all reenactments, revisions, or amendments of the statute or rule."); *In re R.J.J.*, 959 S.W.2d 185, 186 (Tex. 1998) (per curiam) ("When the referenced statute is repealed, the meaning and scope of the referencing statute do not change, absent clear legislative intent to the contrary."); *Ex parte Thompson*, 173 S.W.3d 458, 462-63 (Tex. Crim. App. 2005) (Keller, P.J., concurring) (citing *R.J.J.*).

### 1999 Amendments

In 1999, Subchapter B, Chapter 543 of the Transportation Code was recodified as article 45.0511 of the Code of Criminal Procedure.[17] *See* Act of May 30, 1999, 76th Leg.,

---

[17] The 76th Legislature also recodified Subchapter B as article 45.541 of the Code of Criminal Procedure. *See* Act of May 30, 1999, 76th Leg., R.S., ch. 1387, § 2, 1999 Tex. Gen. Laws 4689, 4690-92; *see*

R.S., ch. 1545, § 51, 1999 Tex. Gen. Laws 5314, 5325-26; *see also* Act of May 30, 1999, 76th

Leg., R.S., ch. 1545, § 75(b), 1999 Tex. Gen. Laws 5314, 5331 (repealing Subchapter B).

Article 45.0511(p) provided:

> The court shall advise a person charged with a misdemeanor under Subtitle C, Title 7, Transportation Code, committed while operating a motor vehicle of the person's right under this article to successfully complete a driving safety course or, if the offense was committed while operating a motorcycle, a motorcycle operator training course. The right to complete a course does not apply to a person charged with a violation of Section 545.066, 545.401, 545.421, 550.022, or 550.023, Transportation Code, or serious traffic violation as defined by Section 522.003, Transportation Code.

Act of May 30, 1999, 76th Leg., R.S., ch. 1545, § 51, 1999 Tex. Gen. Laws 5314, 5325-26.

Article 45.0511(c)(4) continued the prohibition against deferred adjudication for

speeding 25 mph or more above the posted limit.  Act of May 30, 1999, 76th Leg., R.S.,

ch. 1545, § 51, 1999 Tex. Gen. Laws 5314, 5325-26.

The 76th Legislature recodified article 45.54 as article 45.051 and amended the

statute by deleting the second sentence of subsection (a), which had previously

provided the exclusions for "a misdemeanor case disposed of by Section 143A" and for

"a serious traffic violation as defined in Section 3(26), Texas Commercial Driver's

License Act (Article 6687b—2, Revised Statutes)."  Act of May 30, 1999, 76th Leg., R.S.,

ch. 1545, § 50, 1999 Tex. Gen. Laws 5314, 5325-26.  The 1999 amendments removed from

article 45.051 any references to traffic offenses or driving safety courses.  *See id.*

Finally, the 76th Legislature amended article 42.111 to read as it currently does:

---

*also* Act of May 30, 1999, 76th Leg., R.S., ch. 1387, § 3, 1999 Tex. Gen. Laws 4689, 4692 (repealing Subchapter B).  Article 45.541 was repealed two years later.  *See* Act of May 22, 2001, 77th Leg., R.S., ch. 1420, § 3.0021(b), 2001 Tex. Gen. Laws 4210, 4214-15.

If a defendant convicted of a misdemeanor punishable by fine only appeals the conviction to a county court, on the trial in county court the defendant may enter a plea of guilty or nolo contendere to the offense. If the defendant enters a plea of guilty or nolo contendere, the court may defer further proceedings without entering an adjudication of guilt in the same manner as provided for the deferral of proceedings in justice court or municipal court under Article *45.051* [45.54] of this code. This article does not apply to a misdemeanor case disposed of *under Subchapter B, Chapter 543, Transportation Code* [by Section 143A, Uniform Act Regulating Traffic on Highways (Article 6701d, Vernon's Texas Civil Statutes)], or a serious traffic violation as defined *by Section 522.003, Transportation Code* [in Section 3(26), Texas Commercial Driver's License Act (Article 6687b — 2, Revised Statutes)].

Act of May 30, 1999, 76th Leg., R.S., ch. 1545, § 62, 1999 Tex. Gen. Laws 5314, 5329.[18]

Thus, after the 1999 amendments, a defendant could obtain deferred adjudication in justice court for a traffic offense only under article 45.0511 unless the defendant was charged with passing a school bus, reckless driving, fleeing, failure to stop and give information following an accident, failure to stop and render aid, speeding 25 mph or more above the posted limit, or a serious traffic violation committed while driving a commercial motor vehicle. A defendant could no longer obtain deferred adjudication for a traffic offense under article 45.051 because the more specific provisions of article 45.0511 would have controlled. *See Juarez v. State*, 308 S.W.3d 398, 405 (Tex. Crim. App. 2010) ("When interpreting statutes that are *in pari materia* and construed together, both are given effect with the special governing over the general in the event of a conflict."); *see also* HOUSE COMM. ON JUDICIAL AFFAIRS, BILL ANALYSIS, Tex. H.B. 1603, 76th Leg., R.S. (1999) (noting that legislation transferred "all

---

[18] The 76th Legislature enacted similar amendments in Act of Apr. 23, 1999, 76th Leg., R.S., ch. 62, § 3.03, 1999 Tex. Gen. Laws 127, 128-29.

requirements that a defendant successfully complete a driving safety course" to article 45.0511).

Although the 76th Legislature amended article 45.54 and recodified it as article 45.051, there is nothing in the legislative history to indicate that any change was intended in the construction or application of article 42.111 which was updated only to reflect amendments to the statutes referenced in article 42.111. *See* HOUSE COMM. ON CRIM. JURIS., BILL ANALYSIS, Tex. S.B. 1230, 76th Leg., R.S. (1999) (noting that proposed legislation "[a]mends Article 42.111, Code of Criminal Procedure, to make conforming and nonsubstantive changes"). Thus, after the 1999 amendments, article 42.111 continued to authorize a county court to grant deferred adjudication on appeal to a defendant who failed, "for one reason or another," to invoke the procedures of article 45.0511 (former section 143A) in justice court but prohibited the granting of deferred adjudication on appeal to a defendant who committed a "serious traffic violation" while driving a commercial motor vehicle.

**2003 Amendments**

The legislature made numerous amendments to article 45.0511 in 2003. In particular, subsection (p) was amended as follows:

> (p) The court shall advise a *defendant* [person] charged with a misdemeanor under *Section 472.022, Transportation Code,* Subtitle C, Title 7, Transportation Code, *or Section 729.001(a)(3), Transportation Code,* committed while operating a motor vehicle of the *defendant's* [person's] right under this article to successfully complete a driving safety course or, if the offense was committed while operating a motorcycle, a motorcycle operator training course. The right to complete a course does not apply to a *defendant* [person] charged with:

*(1)* a violation of Section 545.066, [~~545.401, 545.421,~~] 550.022, or 550.023, Transportation Code;

*(2)* a[, ~~or~~] serious traffic violation*; or*

*(3) an offense to which* [~~as defined by~~] Section *542.404 or 729.004(b)* [~~522.003~~], Transportation Code, *applies.*[19]

Act of June 1, 2003, 78th Leg., R.S., ch. 1182, § 2, 2003 Tex. Gen. Laws 3380, 3384. (footnote added). Subsections (b) and (c) were amended so that the prohibition against deferred adjudication for speeding 25 mph or more above the posted limit was reflected in subsection (b)(5). Act of June 1, 2003, 78th Leg., R.S., ch. 1182, § 2, 2003 Tex. Gen. Laws 3380, 3381-82. The legislature also added subsection (s) which read, "This article does not apply to an offense committed by a person who holds a commercial driver's license." Act of June 1, 2003, 78th Leg., R.S., ch. 1182, § 2, 2003 Tex. Gen. Laws 3380, 3384.[20]

The 78th Legislature amended section 522.003's definition of a "serious traffic violation" in pertinent part as follows:

(25) "Serious traffic violation" means*:*

*(A)* a conviction arising from the driving of a [~~commercial~~] motor vehicle, other than a parking, vehicle weight, or vehicle defect violation, for:

*(i)* [~~(A)~~] excessive speeding, involving a single charge of driving 15 miles per hour or more above the posted speed limit.

---

[19]     Sections 542.404 and 729.004(b) of the Transportation Code applied to offenses committed in a construction or maintenance work zone. *See* TEX. TRANSP. CODE ANN. § 542.404 (Vernon Supp. 2009); Act of May 26, 1997, 75th Leg., R.S., ch. 674, § 3, 1997 Tex. Gen. Laws 2287, 2288 (repealed 2003).

[20]     The 78th Legislature enacted similar amendments in Act of May 30, 2003, 78th Leg., R.S., ch. 991, § 13, 2003 Tex. Gen. Laws 2888, 2892-95.

Act of May 30, 2003, 78th Leg., R.S., ch. 991, § 6, 2003 Tex. Gen. Laws 2888, 2889.[21]

The 78th Legislature restored language authorizing driving safety courses in article 45.051 as follows:

(b) During the deferral period, the *judge* [~~justice~~] may, *at the judge's discretion*, require the defendant to:

*(8) complete a driving safety course approved under the Texas Driver and Traffic Safety Education Act (Article 4413(29c), Vernon's Texas Civil Statutes) or another course as directed by the judge.*

Act of May 30, 2003, 78th Leg., R.S., ch. 991, § 12, 2003 Tex. Gen. Laws 2888, 2892. The legislature also amended article 45.051 by providing a list of traffic offenses for which a defendant could not receive deferred adjudication under article 45.051:

*(f) This article does not apply to:*

*(1) an offense to which Section 542.404 or 729.004(b), Transportation Code, applies; or*

*(2) a traffic offense committed by a person who holds a commercial driver's license.*

*Id.*[22]

### Article 45.0511

As amended in 2003 (and presently),[23] a defendant can obtain deferred adjudication in justice court under article 45.0511 for: (A) disobeying a warning sign or

---

[21]     The 78th Legislature enacted similar amendments in Act of May 30, 2003, 78th Leg., R.S., ch. 991, § 6, 2003 Tex. Gen. Laws 2888, 2889, and in Act of June 2, 2003, 78th Leg., R.S., ch. 1325, § 8.01, 2003 Tex. Gen. Laws 4884, 4938.

[22]     The 78th Legislature enacted similar amendments in Act of June 1, 2003, 78th Leg., R.S., ch. 1182, § 1, 2003 Tex. Gen. Laws 3380, 3380-81.

barricade (Section 472.022, Transportation Code); (B) a traffic offense not otherwise excluded (Subtitle C, Title 7, Transportation Code); and (C) a traffic offense not otherwise excluded and committed by a minor (Section 729.001(a)(3), Transportation Code).

As of 2003, a defendant could not obtain deferred adjudication in justice court under article 45.0511 for:

(A) speeding 25 mph or more over the posted limit;

(B) passing a school bus;

(C) failure to stop and give information following an accident;

(D) failure to stop and render aid;

(E) a traffic offense committed in a construction or maintenance work zone; or

(F) a traffic offense committed by a person who holds a commercial driver's license.

Finally, according to the 2003 amendments, a defendant could not obtain deferred adjudication in justice court under article 45.0511 for a "serious traffic violation," but that term was no longer defined by reference to the CDL statute, section 522.003.[24] If we construe this amendment as the State suggests, then the exclusion of current article 45.0511(b)(5), which denies deferred adjudication to persons speeding 25

---

[23] The legislature has since amended article 45.0511 to make specific provisions for a person younger than 25 who commits a traffic offense. *See* Act of May 9, 2005, 79th Leg., R.S., ch. 90, § 2, 2005 Tex. Gen. Laws 148, 149-50 (codified as TEX. CODE CRIM. PROC. ANN. art. 45.0511(a-1) (Vernon Supp. 2009)).

[24] The term "serious traffic violation" appears in only six statutes: articles 42.111 and 45.0511 of the Code of Criminal Procedure and sections 522.003, 522.064, 522.081 and 543.202 of the Transportation Code. *See* TEX. CODE CRIM. PROC. ANN. art. 42.111 (Vernon 2006), art. 45.0511 (Vernon Supp. 2009); TEX. TRANSP. CODE ANN. § 522.003(25) (Vernon Supp. 2009), § 522.064 (Vernon 2007), § 522.081 (Vernon Supp. 2009), § 543.202 (Vernon Supp. 2009).

mph or more over the posted speed limit, would be rendered meaningless because section 522.003 defines a "serious traffic violation" in part as speeding 15 mph or more over the posted speed limit. *See* TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 2005) (court must presume that "the entire statute is intended to be effective"); *Tapps*, 294 S.W.3d at 177 ("each word, phrase, clause, and sentence should be given effect if reasonably possible"). Therefore, we construe the 2003 amendment to article 45.0511 to have retained the statute's prior meaning that a person is not eligible for deferred adjudication in justice court under article 45.0511 if the person committed a "serious traffic violation" while driving a commercial motor vehicle.[25]

This interpretation is consistent with the legislative history. As noted in the bill analysis of the Senate Committee on Infrastructure Development and Security, the amendments to the CDL statutes were made to allow "certain traffic violations committed by a person who holds a CDL in a non-commercial vehicle to adversely affect the status of his or her CDL." SEN. COMM. ON INFRASTRUCTURE DEV. & SEC., BILL ANALYSIS, Tex. S.B. 1904, 78th Leg., R.S. (2003). Thus, this legislation removed the reference in section 522.003(25) to a "serious traffic violation" as one committed in a commercial motor vehicle so that appropriate sanctions would apply to a CDL holder who committed such a violation in a non-commercial vehicle. And in this same legislation, the Committee observed that article 45.0511(p) was being amended by "[m]odif[ying] statutory references to conform to changes made by this Act." *Id.*

---

[25] This interpretation does not render meaningless the general exclusion under article 45.0511(s) for CDL holders because the general exclusion would still be effective for CDL holders who commit "non-serious" traffic violations.

*Article 45.051*

The 78th Legislature restored the authority of a justice court to grant deferred adjudication in traffic offenses under article 45.051 with a narrow list of exceptions. As amended, a justice court could grant deferred adjudication for a traffic offense under article 45.051, unless the defendant was charged with a traffic offense: (a) committed in a construction or maintenance work zone; or (b) committed by a person who holds a commercial driver's license.

The legislative history does not indicate why this general authority was restored for justice courts under article 45.051 after being taken away in 1999. We presume that it was restored for those instances when a defendant, "for one reason or another," failed to invoke the deferred adjudication procedures available under article 45.0511. *Cf.* HOUSE COMM. ON CRIM. JURIS., BILL ANALYSIS, S.B. 1422, 70th Leg., R.S. (1987).

*Article 42.111*

Although section 522.003's definition of a "serious traffic violation" was amended in 2003, article 42.111 was not amended. We hold that the exclusion in article 42.111 for a serious traffic violation should be construed in the same manner as the similar exclusion found in article 45.0511. *See* TEX. GOV'T CODE ANN. § 311.023(4) (in construing statute, court may consider "laws on the same or similar subjects"). Thus, we conclude that the 2003 amendments did not change the meaning or application of article 42.111.

As of 2003, then, article 42.111 continued to authorize a county court to grant deferred adjudication on appeal to a defendant who failed, "for one reason or another,"

to invoke the procedures of article 45.0511 in justice court but prohibited the granting of deferred adjudication on appeal to a defendant who committed a "serious traffic violation" while driving a commercial motor vehicle.

## Recent Amendments

There are three recent amendments of note that have been enacted with regard to articles 45.0511 and 45.051.[26]

First, the article 45.0511(s) exclusion for CDL holders was expanded to include not only defendants who hold a CDL at the time they appear in justice court but also defendants who "held a commercial driver's license when the offense was committed." Act of May 23, 2005, 79th Leg., R.S., ch. 357, § 7, 2005 Tex. Gen. Laws 1030, 1032 (codified at TEX. CODE CRIM. PROC. ANN. art. 45.0511(s)(2)). And second, the article 45.0511(b)(5) exception for defendants charged with driving 25 mph or more over the posted speed limit was amended to include an additional exception for defendants charged with driving 95 mph or more, regardless of the posted limit. Act of May 25, 2007, 80th Leg., R.S., ch. 829, § 1, 2007 Tex. Gen. Laws 1713, 1713-14 (codified at TEX. CODE CRIM. PROC. ANN. art. 45.0511(b)(5)(A) (Vernon Supp. 2009)). However, neither of these amendments affects our construction of article 45.0511.

---

[26] For the sake of completeness, we note that the legislature amended article 45.051(f)(1) in 2007 with regard to the exclusion for offenses committed in a construction or maintenance work zone by deleting the statutory reference to section 729.004(b) of the Transportation Code (but retaining the reference to section 542.404 of that code). *See* Act of May 21, 2007, 80th Leg., R.S., ch. 508, § 1, 2007 Tex. Gen. Laws 899, 899; *see also* Act of May 15, 2007, 80th Leg., R.S., ch. 921, § 3.001, 2007 Tex. Gen. Laws 3027, 3028. However, the legislature did not enact a similar amendment with regard to the identical exclusion in article 45.0511(p)(3). Nevertheless, section 729.004 of the Transportation Code was repealed in 2003. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 283, § 61(2), 2003 Tex. Gen. Laws 1221, 1245.

Article 45.051(f)(2) was similarly amended in 2005 to expand the exclusion for CDL holders to include not only defendants who hold a CDL at the time they appear in justice court but also defendants who "held a commercial driver's license when the offense was committed." Act of May 23, 2005, 79th Leg., R.S., ch. 357, § 6, 2005 Tex. Gen. Laws 1030, 1031-32 (codified at TEX. CODE CRIM. PROC. ANN. art. 45.051(f)(2)(B)). This amendment likewise does not affect our construction of article 45.051.

## Conclusion

Article 42.111 authorizes a county court to grant deferred adjudication on appeal to a defendant who failed, "for one reason or another," to invoke the procedures of article 45.0511 in justice court but prohibits the granting of deferred adjudication on appeal to a defendant who committed a "serious traffic violation" while driving a commercial motor vehicle.

Hollis failed to invoke the procedures of article 45.0511 in justice court. She did not commit a "serious traffic violation" while driving a commercial motor vehicle. Therefore, the trial court was authorized by article 42.111 to defer an adjudication of guilt in Hollis's case, permit her to complete a driving safety course, and dismiss the case upon the successful completion of the course (and any other reasonable conditions imposed by the court).

We overrule the State's sole issue and affirm the judgment.


FELIPE REYNA
Justice

Before Chief Justice Gray,
	Justice Reyna, and
	Justice Davis
	(Chief Justice Gray concurs only in the judgment and only to the extent it affirms the trial court's judgment.  He joins no part of the Court's opinion.  A separate opinion will not issue.)
Affirmed
Opinion delivered and filed October 6, 2010
Publish
[CR25]