

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00339-CR

---

THE STATE OF TEXAS, APPELLANT

V.

ANTHONY LUKE CUARENTA, APPELLEE

---

On Appeal from County Court at Law Number 2
Brazos County, Texas
Trial Court No. 22-6234A, Honorable Roy Brantley, Presiding

---

February 14, 2024

OPINION

Before QUINN, C.J. and PARKER and YARBROUGH, JJ.

Appellant, the State of Texas, appeals from the trial court's *Order Suspending and Deferring Disposition* entered in favor of Appellee, Anthony Luke Cuarenta.[1]  By a sole issue, the State contends the trial court rendered an illegal sentence in granting the

---

[1] Originally appealed to the Tenth Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the Tenth Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court.  TEX. R. APP. P. 41.3.

suspended sentence and deferring disposition and prays for a remand of the case for proper sentencing.  We reverse and remand.

## BACKGROUND

Appellee, who holds a commercial driver's license, was stopped in his personal vehicle for traveling eighty-two miles per hour in a sixty-mile per hour zone.[2]  The DPS Trooper issued a citation for driving ten percent or more above the posted speed limit, a Class C misdemeanor punishable by fine only.

Appellee entered a plea of no contest in Justice Court, Precinct 1, of Brazos County and was found guilty.  He filed a de novo appeal in County Court at Law Number 2. Following a hearing, the trial court found him guilty but suspended imposition of a fine and deferred the finding of guilt for 180 days.

The State filed an appeal pursuant to article 44.01(b) of the Texas Code of Criminal Procedure asserting the trial court's order suspending Appellee's sentence and deferring disposition resulted in an illegal sentence.  *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(b).[3]

---

[2] According to the evidence, Appellee was traveling on a highway with a posted speed limit of sixty miles per hour, reduced from seventy-five miles per hour due to construction.  Whether Appellee was in a construction zone was hotly contested at the hearing.

[3] By letter dated December 11, 2023, the State was asked to explain how this Court had jurisdiction over the appeal because a deferred finding of guilt does not implicate imposition of a sentence from which an appeal for an "illegal" sentence would lie.  The State responded that *Hollis v. State*, 327 S.W.3d 750 (Tex. App.—Waco 2010, no pet.), precedent from the transferor court, conferred jurisdiction over the appeal.

Courts are divided on whether a direct appeal or a petition for writ of mandamus is the appropriate vehicle for addressing whether a suspended sentence is illegal.  *See In re State*, 489 S.W.3d 24 (Tex. App.—Amarillo 2016, orig. proceeding) (conditionally granting mandamus relief directing trial court to vacate an order deferring proceedings in a speeding offense case involving a defendant holding a

**APPLICABLE LAW**

A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and constitutes an illegal sentence. *Wood v. State*, 560 S.W.3d 162, 166 (Tex. Crim. App. 2016). Article 42.111 of the Texas Code of Criminal Procedure provides that on a plea of guilty or nolo contendere, the trial court may defer proceedings of a misdemeanor punishable by fine only appealed to county court in the same manner as provided for by article 45.051 of the Code, which applies to justice court proceedings. TEX. CODE CRIM. PROC. ANN. art. 42.111.

**ANALYSIS**

The State presents three arguments in support of its argument that suspension of Appellee's sentence constitutes an illegal sentence. First, article 42.111 authorizes a suspended sentence when a defendant enters a plea of guilty or nolo contendere. Appellee entered a plea of not guilty.

Second, the State relies on article 45.051(f) which recites that deferring further proceedings without entering an adjudication of guilt does not apply to the person who

---

commercial driver's license); *Hollis v. State*, 327 S.W.3d 750 (Tex. App.—Waco 2010, no pet.) (exercising jurisdiction over State's appeal from order granting deferred adjudication in a speeding case). *See also State v. Binnion*, No. 09-21-00208-CR, 2021 Tex. App. LEXIS 7000, at *4 (Tex. App.—Beaumont Aug. 25, 2021, no pet.) (mem. op., not designated for publication) (dismissing State's appeal from order granting deferred adjudication because State was appealing something other than a "sentence"); *State v. Sosa*, 830 S.W.2d 204, 205 (Tex. App.—San Antonio 1992, pet. ref'd) (finding jurisdiction over State's appeal from a deferred adjudication sentence); *State v. Wilcox*, 993 S.W.2d 848, 850 (Tex. App.—Austin 1999) (dismissing State's appeal of deferred adjudication sentence), *pet. dism'd as improvidently granted*, 18 S.W.3d 636 (Tex. Crim. App. 2000). This Court invites the Texas Court of Criminal Appeals to resolve the issue as questions of jurisdiction are fundamental.

3

committed the offense if he holds a commercial driver's license. Appellee holds a commercial driver's license.

Finally, a suspended sentence is not authorized when the defendant is found guilty of "a serious traffic violation" which is defined by section 522.003 as a charge of driving fifteen miles per hour or more above the posted speed limit. TEX. TRANSP. CODE ANN. § 522.003(25)(a)(i). The evidence showed Appellee was driving eighty-two miles per hour in a sixty-mile per hour construction zone.

While the State acknowledges a division among appellate decisions, it relies on *Hollis v. State*, 327 S.W.3d 750 (Tex. App.—Waco 2010, no pet.), as authorizing a direct appeal from what it perceives as an illegal "sentence" because it was outside the minimum punishment for the offense of speeding. *Hollis* involved a plea of guilty for speeding (seventy-two miles per hour in a fifty-five mile per hour zone) after which the trial court deferred a finding of guilt and ordered the defendant to complete a driving safety course that would result in dismissal of her case. *Id.* at 751. The State argued the trial court's order was an illegal sentence because the defendant committed a "serious traffic violation" under section 522.003 of the Transportation Code. *Id.* The defendant countered the sentence was not illegal because she did not hold a commercial driver's license. *Id.* In applying the principles of statutory construction to the various applicable statutes, the Waco Court of Appeals found the trial court was authorized by article 42.111 to defer an adjudication of guilt. *Id.* at 765.

Appellee argues *Hollis* incorrectly permitted the State to appeal a deferred adjudication order and urges this Court to not follow a sister court's precedent involving

4

a question of jurisdiction.  This Court has criticized *Hollis* as being "incorrectly decided." *In re State*, 489 S.W.3d at 31 n.13.  However, in this case, we are obligated to follow Rule 41.3 of the Texas Rules of Appellate Procedure which requires application of the law of a transferor court when there is a conflict with the transferee court.  *See Mitschke v. Borromeo*, 645 S.W.3d 251, 255–56 (Tex. 2022) (affirming Rule 41.3 as compulsory and upholding stare decisis as a mandatory tool for use in the transferee court's "choice-of-law analysis").  Thus, this Court is required to follow *Hollis*.

We conclude Appellee was not eligible for a suspended sentence and deferred disposition under article 42.111 of the Code of Criminal Procedure through application of article 45.051(f)(2)(A) and the trial court erred in entering its order.  The State's sole issue is sustained.[4]

### CONCLUSION

The trial court's order is reversed, and the cause is remanded for the trial court to consider proper sentencing.

Alex Yarbrough<br>
Justice

Do not publish.

---

[4] In reviewing the record, we note the trial court's order contained in the clerk's record reflects a clerical error.  The order recites Appellant pleaded "guilty" to the offense.  The reporter's record, however, reveals Appellant entered a plea of "not guilty."