**In re Craig WATKINS, Criminal District Attorney of Dallas County, Texas, Relator.**

No. 05–10–00597–CV.

Court of Appeals of Texas, Dallas.

June 28, 2010.

Michael R. Casillas, Dallas District Attorney, Dallas, TX, for Relator.

L. Charles Humphreys, Humphreys & Peterson Law Firm, PLLC, Garland, TX, Brian W. Portugal, Dallas County Public

Defender's Office, Dallas, TX, for Real Party In Interest.

Before Justices MOSELEY, FRANCIS, and FILLMORE.

## OPINION NUNC PRO TUNC

Opinion by Justice MOSELEY.

Relator filed this mandamus proceeding after the trial court entered an order granting real party in interest deferred adjudication on a charge of driving while intoxicated. We conclude the trial court violated a ministerial duty in doing so, and that relator has no adequate remedy at law. Accordingly, we conditionally grant the petition.

Mandamus is appropriate in a criminal case if the relator shows that he has no other adequate legal remedy and the act sought to be compelled is purely ministerial. *State of Tex. ex rel. Hill v. Court of Appeals for the Fifth Dist.,* 67 S.W.3d 177, 180–81 (Tex.Crim.App.2001). A "ministerial act is one which is accomplished without the exercise of discretion or judgment." *State of Tex. ex rel. Hill v. Court of Appeals for the Fifth Dist.,* 34 S.W.3d 924, 927 (Tex.Crim.App.2001). In this case, Texas law is clear that a person charged with driving while intoxicated is not eligible for deferred adjudication. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12 § 5(d)(1)(A) (Vernon Supp.2009) (prohibiting deferred adjudication for anyone charged with an offense under sections 49.04 of the penal code); TEX. PENAL CODE ANN. § 49.04 (Vernon 2003) (setting out the elements of driving while intoxicated). The trial court thus had no discretion to grant deferred adjudication.

Further, relator has no adequate remedy at law, because the state cannot appeal a grant of deferred adjudication. *See State v. Ross,* 953 S.W.2d 748, 750 (Tex.Crim.App.1997) (holding that state could not appeal lack of deadly weapon finding because it was not part of sentence, explaining that sentence "only includes that part of the judgment ordering that the punishment be carried into execution in the manner prescribed by law") (internal quotation omitted); *see also Ex parte Williams,* 65 S.W.3d 656, 657 (Tex.Crim. App.2001) (granting of community supervision could not be addressed by rule relating to illegal sentences, because "community supervision is not a sentence or even part of a sentence") (internal quotation omitted); *State v. Hamilton,* No. 05–97–00233–CR, 1997 WL 537717, at *5 (Tex. App.-Dallas Sept. 3, 1997, no pet.) (not designated for publication) (allowing appeal of deferred adjudication prior to *Ross* and *Williams,* but noting that mandamus was also a possible remedy). Relators have therefore met the second requirement to obtain mandamus relief.

Accordingly, we conditionally grant the relator's petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate its April 30, 2010, "Order of Deferred Adjudication."