**DENIED and Opinion Filed February 20, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00172-CV

### IN RE ARTHUR ROY MORRISON, Relator

**Original Proceeding from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F07-55832-S**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Whitehill
Opinion by Justice Evans

Relator filed this petition for writ of mandamus complaining that the trial court has failed to rule on his motion for judgment nunc pro tunc. Relator's petition does not comply with the rules of appellate procedure. We deny the petition.

"Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record." *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). Because the record in a mandamus proceeding is assembled by the parties,[1] *see* TEX. R. APP. P. 52.3(j), 52.3(k), 52.7, this Court strictly enforces the requirements of rule 52 of the rules of appellate procedure to ensure the integrity of the mandamus record. *See, e.g., In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig.

---

[1] Relator has not included a record in support of his petition for writ of mandamus as required by the rules of appellate procedure. *See* TEX. R. APP. P. .52.3(j), 52.3(k), 52.7. Rather, he has filed with this Court, "Relator's Requested Designation of Items from Clerk's Record."

proceeding) (finding affidavit insufficient to authenticate record because it did not state affiant had "personal knowledge the copy of the order in the appendix is a correct copy of the original."). Relator's petition for writ of mandamus does not include a certification that the person filing the petition "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). It does not include an appendix or record in support of the petition. TEX. R. APP. P. 52.3(k)(1)(A); 52.7(a). Each of these deficiencies alone is sufficient to warrant denial of the petition.

Moreover, relator's petition does not demonstrate that he has taken any measures to obtain a ruling from the trial court on his motion. A court is not required to consider a motion that has not been properly called to its attention. *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *Metzger v. Sebek*, 892 S.W.2d 20, 49 (Tex. App.— Houston [1st Dist.] 1994, writ denied). The duty to procure a hearing rests on the moving party, not upon the trial judge. *Bolton's Estate v. Coats*, 608 S.W.2d 722, 729 (Tex. Civ. App.—Tyler 1980, writ ref'd n.r.e.).

Mandamus is appropriate in a criminal case if the relator shows that he has no other adequate legal remedy and the act sought to be compelled is purely ministerial. *State of Tex. ex rel. Hill v. Court of Appeals for the Fifth Dist.*, 67 S.W.3d 177, 180–81 (Tex. Crim. App. 2001) (orig. proceeding); *In re Watkins*, 315 S.W.3d 907, 908 (Tex. App.—Dallas 2010, orig. proceeding). On the record before the Court, we cannot conclude relator is entitled to relief. We deny the petition.

/ David Evans/
_____
DAVID EVANS
JUSTICE

150172F.P05

–2–