**IN RE the STATE of Texas, Relator**

**No. 07-16-00052-CR**

Court of Appeals of Texas, Amarillo.

March 16, 2016

Pamela Cook Sirmon, pro se.

C. Wade Overstreet, for State of Texas.

B. Jarrett Johnston, for Jimmie Mark White.

Before QUINN C.J., and HANCOCK and PIRTLE, JJ.

## OPINION ON PETITION FOR WRIT OF MANDAMUS

Per Curiam

Relator, the State of Texas, acting by and through the Potter County Attorney's Office, seeks a writ of mandamus directing Respondent, the Honorable Pamela C. Sirmon, to vacate an order dated October 13, 2015, deferring further proceedings without an adjudication of guilt in a misdemeanor speeding offense case, punishable by fine only, involving the Real Party in Interest, Jimmie Mark White.

White was originally convicted in Justice of the Peace Court, Precinct 3, of Potter County, Texas, of the misdemeanor offense of speeding[1] and he was assessed a fine of $116.90, plus costs of court of $100.10. On appeal to the County Court at Law No. 2 of Potter County, Texas, in a *de novo* trial, White entered a plea of guilty. Having received his plea and having reviewed his motion for deferred adjudication, Judge Sirmon set his fine at "$200.00 and court costs ... deferred." On October 13, 2015, she signed an order which stated, "[p]ursuant to the Tex.Code of Crim. Proc. Art. 45.54,"[2] the imposition of that sentence

---

1. White was charged with speeding, 97 miles per hour in a 75 mile-per-hour zone, in violation of sections 545.351 and 545.352 of the Texas Transportation Code. *See* TEX. TRANSP. CODE ANN. §§ 545.351, 545.352 (West 2011 & West Supp.2015). Performance of an act prohibited by these sections is a misdemeanor. *See id.* at § 542.301 (West 2011).

2. *See* TEX.CODE CRIM. PROC. ANN. art. 45.54 (repealed). Article 45.54 was renumbered as article 45.051 and amended in 1999. Act of

was deferred "for a period of One Hundred Eighty (180) days," on the condition that White (1) pay all court costs "at the time the court grants the deferred disposition," (2) complete an affidavit stating that he "has not been convicted of a criminal or traffic offense during the period of deferral," (3) commit no criminal offense or traffic offense, except parking violations, during the "period of probation," and (4) pay a "special expense fee of $200."[3] The order further provided that, "at the conclusion of the deferral period," upon satisfaction of these conditions, the complaint charging the speeding offense would be dismissed.

The State contends the act of suspending the imposition of sentence and giving assurances of a dismissal of the complaint exceeded the authority of the county court at law judge because the statutory limits placed on a justice of the peace or municipal court judge by article 45.051(f) of the Texas Code of Criminal Procedure (prohibiting the deferral of an adjudication of guilt in a misdemeanor case involving the violation of a state law relating to the control of a motor vehicle by a person holding a commercial driver's license) apply equally to a county court at law judge through the provisions of article 42.111 of the same code. *See* TEX.CODE CRIM. PROC. ANN. arts. 42.111, 45.051(f) (West 2006 & West Supp.2015). Reasoning that Judge Sirmon did not have the statutory authority to defer an adjudication of guilt in this case because White was the holder of a commercial driver's license,[4] the State requests this court to issue a writ of manda-

mus "to correct [Judge Sirmon's] abuse of discretion" unless she vacates the order of deferred adjudication issued. In response, White contends article 42.111 is ambiguous and that it does not create a statutory limitation on Judge Sirmon's authority to defer an adjudication of guilt in this case. Agreeing with the position of the State, we conditionally grant the petition for writ of mandamus.

ANALYSIS

 As applied to the facts of this case, it is well settled that, as the party seeking mandamus relief, the State is not entitled to that relief unless it establishes (1) that it has no other adequate remedy at law to redress the alleged harm and (2) the act sought to be compelled is a ministerial act and not a discretionary or judicial decision. *In re Allen*, 462 S.W.3d 47, 49 (Tex. Crim.App.2015). Here, the State seeks mandamus relief to compel Judge Sirmon to set aside an order of deferred adjudication because it contends she had no legal authority to enter that order. Because the State's right of appeal is limited by the provisions of article 44.01 of the Texas Code of Criminal Procedure, it "cannot appeal a grant of deferred adjudication." *In re Watkins*, 315 S.W.3d 907, 908 (Tex. App.—Dallas 2010, orig. proceeding). Accordingly, the State has no other adequate remedy at law in this case and it is entitled to mandamus relief if the act it seeks to compel is ministerial. In that regard, a judge has a ministerial duty to follow the law, including any statutory provision that is "definite, unambiguous, and unquestionably [applicable] to the indisputable facts

---

May 30, 1999, 76th Leg., R. S., ch. 1545, § 50, 1999 Tex. Gen. Laws 5314, 5324. *See also* TEX.CODE CRIM. PROC. ANN. art. 45.051 (West Supp.2015).

3. Article 45.051 provides that "[i]n issuing the order of deferral, the judge may impose a *special expense fee* on the defendant in an

amount not to exceed the amount of the fine that could be imposed on the defendant as punishment for the offense." (Emphasis added).

4. It is undisputed that White does hold a commercial driver's license.

of the case." *In re Allen,* 462 S.W.3d at 49–50.

■ Therefore, the issue in this case is not whether county court at law judges have the general authority to defer an adjudication of guilt under any circumstances;[5] the issue is whether county court at law judges have the authority to defer an adjudication of guilt in cases appealed from a justice of the peace or municipal court pursuant to the provisions of article 42.111, free from the statutory limitations placed on a justice of the peace and municipal court judge found in article 45.051. To answer that question, we begin our analysis with an examination of article 42.111.

ARTICLE 42.111

Subject to some exceptions discussed herein below, article 42.111 authorizes the deferral of proceedings in cases appealed from a justice of the peace or municipal court to county court. *State v. Hollis,* 327 S.W.3d 750, 764 (Tex.App.–Waco 2010, no pet.).[6] In its entirety (separated into individual sentences for purposes of clarity in

our analysis) article 42.111 provides as follows:

> If a defendant convicted of a misdemeanor punishable by fine only appeals the conviction to a county court, on the trial in county court the defendant may enter a plea of guilty or nolo contendere to the offense.

> If the defendant enters a plea of guilty or nolo contendere, the court may defer further proceedings without entering an adjudication of guilt in the same manner as provided for the deferral of proceedings in justice or municipal court under Article 45.051 of this code.

> This article does not apply to a misdemeanor case disposed of under Subchapter B, Chapter 543, Transportation Code,[7] or a serious traffic violation as defined by Section 522.003, Transportation Code.[8]

The first sentence of article 42.111 merely states the obvious. Upon perfection of an appeal from a justice of the peace or municipal court, the accused has the same right that he had below to enter a plea of guilty or nolo contendere. No one disputes the construction of this sen-

---

5. Specifically, we express no opinion as to whether or not a county court at law judge has the authority to defer an adjudication of guilt in a traffic offense case under the provisions of Section 5 of the general community supervision provisions of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5 (West Supp.2015).

6. While we question the precedential authority of this case (see footnote 14), all parties accept that it correctly supports this proposition.

7. Although Subchapter B, Chapter 543 of the Texas Transportation Code was repealed in 1999, the Legislature has not seen fit to amend article 42.111. This subchapter pertained to the dismissal of certain misdemeanor charges based upon the completion of a driving safety course and has been succeeded

by article 45.0511 of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. art. 45.0511 (West Supp.2015). The provisions of that article are not implicated by the facts of this case because the Real Party in Interest never sought a disposition of the charges against him pursuant to those provisions.

8. For purposes of Chapter 522 of the Transportation Code, a "serious traffic violation" is defined to include "a conviction arising from the driving of a motor vehicle ... for ... excessive speeding, involving a single charge of driving 15 miles per hour or more above the posted speed limit...." *See* TEX. TRANSP. CODE ANN. § 522.003(25) (A)(i) (West Supp. 2015). Chapter 522 pertains to Commercial Driver's Licenses. Here, the Real Party in Interest is alleged to have exceeded the posted speed limit by 22 miles per hour.

tence. It is definite, unambiguous, and clearly applies to the facts of this case.

The first part of the second sentence gives us some indication that the Legislature may have intended the authority of a county court judge to be somewhat more restricted than that of a justice of the peace or municipal court judge. Under article 42.111, a county court judge may defer an adjudication in two instances: (1) on a plea of guilty or (2) on a plea of nolo contendere; whereas, under article 45.051, a justice of the peace or municipal judge may defer an adjudication in three instances: (1) on a plea of guilty, (2) on a plea of nolo contendere, or (3) on a finding of guilt. Here, because White entered a plea of guilty, the implications of this distinction are not an issue in this case.

Reading further in the second sentence, we reach the pivotal phrase in our analysis. That phrase provides that in cases appealed to a county court from either a justice of the peace or municipal court, "the court may defer further proceedings without entering an adjudication of guilt *in the same manner* as provided for the deferral of proceedings in justice or municipal court under Article 45.051 of this code." *See* TEX.CODE CRIM. PROC. ANN. art. 45.051 (West Supp.2015) (emphasis added). The State relies upon this phrase to support its position that county court at law judges have the *same* authority granted lower court judges. The State contends that the phrase is unambiguous. It reasons that because the phrase specifically references article 45.051, it must indicate that the Legislature intended to impose upon county court judges the same limitations it placed on justice of the peace and municipal court judges. In contrast, White argues that, even by the State's definition (as discussed in its petition for relief filed in this matter), the word "manner" has many meanings, including "a

mode of procedure" and "a customary mode of acting." White contends that the statute is, therefore, ambiguous because a reader cannot tell whether the Legislature intended to incorporate merely the procedure of deferred adjudication or the entire scheme, including any statutory limitations on the court's authority to grant deferred adjudication. The construction of this phrase is, therefore, the controlling question in this case.

The State's construction considers both the authority of the court to grant deferred adjudication and the procedure to be followed based on the facts of each case, whereas White's construction looks only at the methods and procedures to be followed in administering a system of deferred adjudication without looking at any statutory authority (or limitation placed on that authority) to actually defer an adjudication of guilt. Even though these two constructions appear to be mutually exclusive of one another and the existence of one construction might arguably eliminate consideration of the other, we find there to be no ambiguity in the statute. Even so, we still recognize a lack of unmistakable clarity and we turn to the rules of statutory construction to elucidate the construction which is correct. *See In re Canales*, 52 S.W.3d 698, 702 (Tex.2011) (stating that even if a statute is clear and unambiguous, courts may resort to the rules of construction and other aids to clarify the consequences of a particular construction). Accordingly, we turn to the rules of statutory construction to explain why there is only one reasonable interpretation of the phrase "in the same manner."

When appellate courts are called upon to construe a statutory phrase, such as "in the same manner," our primary goal is to ascertain and give effect to the Legislature's intent in enacting it. *See* TEX. GOV'T CODE ANN. § 312.005 (West 2013); *In re*

*Canales,* 52 S.W.3d at ·702. In doing so, we must consider the evil the Legislature sought to abate by enacting the statute and the remedy it chose to use to correct or prevent it. *See* Tex. Gov't Code Ann. § 312.005 (West 2013). Because the phrase "in the same manner" has not been defined and has not acquired any technical or particular meaning,[9] either by legislative or judicial authority, it must be read in context and be construed in accordance with customary rules of grammar and common usage. *See* Tex. Gov't Code Ann. § 311.011(a) (West 2013). As such, because the phrase "in the same manner" specifically refers to article 45.051, we must also have an understanding of the legislative purpose of that article.

The express objective of Chapter 45 of the Texas Code of Criminal Procedure is to establish procedures for processing cases that come within the criminal jurisdiction of justice of the peace and municipal courts. *See* Tex.Code Crim. Proc. Ann. art. 45.001 (West 2006). Article 45.051 meets part of that objective by specifically allowing justice of the peace or municipal court judges to suspend the imposition of sentence and defer an adjudication of guilt in misdemeanor cases punishable by fine only. Because a violation pursuant to sections 545.351 and 545.352 of the Texas Transportation Code is a misdemeanor offense punishable by fine only, the most common application of this article is the deferral of proceedings in traffic offense cases, such as the speeding offense involved in this case. *See* Tex. Transp. Code

Ann. §§ 542.301, 542.401 (West 2011). Accordingly, *unless otherwise provided,* article 45.051 grants justice· of the peace and municipal court judges the express authority to defer an adjudication of guilt in a speeding violation case.

However, article 45.051(f) provides an important limitation to the general application of article 45.051. Article 45.051(f) provides:

This article does not apply to:

(1) an offense to which Section 542.404, Transportation Code applies; [10] or

(2) a violation of a state law or local ordinance relating to motor vehicle control, other than a parking violation, committed by a person who:

(A) holds a commercial driver's li- ·cense; [11] or

(B) held a commercial driver's license when the offense was committed."

Therefore, pursuant to article 45.051(f), it is clear and unambiguous that article 45.051 does not apply where (1) the offense occurs in a construction or maintenance zone or (2) the offender currently holds a commercial driver's license or held a commercial driver's license at the time the offense was committed. Because of article 45.051(f), justice of the peace and municipal court judges do not have the authority to defer an adjudication of guilt in a traffic offense, in those situations.

No one disputes the fact that the State has a legitimate legislative interest in the public safety of its citizens. Because pub-

---

9. *See* Tex. Gov't Code Ann. § 311.011(b) (West 2013) (providing that "[w]ords and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly").

10. Section 542.404 of the Texas Transportation Code pertains to the fines allowed for offenses committed in construction or mainte-

nance work zones. *See* Tex. Transp. Code Ann. § 542.404 (West Supp.2015). The provisions of section 542.404 are not implicated by the facts of this case.

11. As noted above, the provisions of article 45.051(f)(2)(A) are implicated by the facts of this case since White holds a commercial driver's license.

lic safety on our roadways is a matter of the highest concern, the State has imposed various licensing requirements and enacted numerous traffic laws. Because a greater risk to the public is involved in the operation of commercial vehicles, the State has imposed even greater safeguards and limitations on the privilege of operating a motor vehicle by someone who holds a commercial driver's license. Therefore, it stands to reason that the State would have an interest in limiting the authority of a justice of the peace or a municipal court judge to permit a commercial driver's license holder to receive deferred adjudication for a "violation of a state law or local ordinance relating to motor vehicle control" by a person who holds a commercial driver's license. That is exactly what the Legislature did when it enacted article 45.051(f). But what does that tell us about the authority of a county court at law judge to defer an adjudication of guilt when an offense is appealed to that court?

Returning to our analysis of article 42.111, the State reasons that because the Legislature sought to limit the right of a holder of a commercial driver's license to receive deferred adjudication before a justice of the peace judge, it makes sense that it also intended to limit that right before a county court at law judge. This seems imminently logical. To hold otherwise would allow every holder of a commercial driver's license to deliberately circumvent this legislative remedy by merely appealing the disposition of the case at the justice of the peace or municipal court level to the county court at law level. Not only would this blatantly circumvent the protective intent of the Legislature, it would unnecessarily consume valuable judicial resources at the county court at law level by allowing traffic offenders to forum shop for a judge who arguably would provide them greater relief, clogging the court's dockets with cases appealed solely for that procedural purpose. Conversely, to adopt White's construction would be to accept the argument that the Legislature intended one set of rules to apply at the justice of the peace and municipal court level and another set of rules to apply at the county court at law level. Such an interpretation would be completely counterintuitive to the idea that the Legislature intended to place higher driving standards on commercial driver's license holders.

Because we find the statutory limitations found in article 45.051 to be an appropriate indicator of legislative intent and because we find the phrase "in the same manner" to be capable of a definite and unambiguous construction consistent with that intent, we conclude the Legislature intended county court at law judges to have the same authority, with the same limitations, that justice of the peace and municipal court judges have with respect to the granting of deferred adjudication in cases appealed from justice of the peace and municipal courts. Because it is undisputed that White holds a commercial driver's license, the limitations found in article 45.051(f) were unquestionably applicable to the facts of his case. Accordingly, because White was not eligible for deferred adjudication, we find Judge Sirmon failed to follow a ministerial duty by granting relief not authorized by law.

Before proceeding to our conclusion, it is appropriate that we address two final issues: (1) the last sentence of article 42.111 [12] and (2) the case most heavily relied upon by White to support his position in this case. As to the third sentence

---

12. The State expressly acknowledges that it is not asserting that White is barred from deferred adjudication by virtue of the application of the two exclusions contained in the third sentence of article 42.111.

of article 42.111, White contends that the State's interpretation of the second sentence renders the third sentence superfluous, thereby violating the rule of statutory construction that provides that a court must presume "the entire statute is intended to be effective" and that "each word, phrase, clause, and sentence should be given effect if reasonably possible." *See Tapps v. State,* 294 S.W.3d 175, 177 (Tex.Crim.App.2009). We agree. An appellate court must not interpret a statute in a manner that renders any part of the statute meaningless or superfluous. *City of Marshall v. City of Uncertain,* 206 S.W.3d 97, 105 (Tex.2006) (citing *City of San Antonio v. City of Boerne,* 111 S.W.3d 22, 29 (Tex.2003)).

As White concedes in his briefing, "sentence three of article 42.111 specifically excludes from eligibility for deferral people who commit a 'serious traffic violation' under section 522.003 of the Transportation Code, and people who have previously been given deferred adjudication at the justice court level." Based on the rule of statutory construction that "inclusion of [a] specific limitation excludes all others," he argues that the two enumerated exclusions in article 42.111 cannot exist simultaneously with the additional exclusions enumerated in article 45.051. White reasons that the third sentence of article 42.111 establishes the "only two situations" where a county court at law judge does not have authority to grant deferred adjudication to someone charged with a misdemeanor speeding offense, punishable by fine only,

on appeal from a conviction in a justice of the peace or municipal court. In making this argument, White misconstrues applicable case law and the rules of statutory construction.

The provisions of article 42.111 and 45.051 can easily be harmonized by reading them as complementary provisions. In cases appealed from a justice of the peace or municipal court, article 42.111 prohibits deferred adjudication in two instances: (1) cases where the offense had previously been deferred on the condition that the offender complete a driver safety course (and then obviously not dismissed, presumably for failure to complete that course) and (2) cases involving "serious traffic offenses." Article 45.051 then complements those limitations by adding two additional instances where deferred adjudication is prohibited: (1) cases where the offense occurs in a construction or maintenance zone and (2) cases where the offender currently holds a commercial driver's license or held a commercial driver's license at the time the offense was committed. Read together, the two statutes work together, complement each other, and are easily harmonized.

■ White also places great emphasis on *State v. Hollis*[13] to support his position that the only limitation on a county court at law judge's authority to grant deferred adjudication are the two limitations described in the third sentence of 42.111. *In State v. Hollis,* the Waco Court of Appeals

---

13. *See Hollis v. State,* 327 S.W.3d 750 (Tex. App.—Waco 2010, no pet.). *Hollis* is of limited precedential value, if any. Although scholarly written, *Hollis* was incorrectly decided. In *Hollis,* not only did Chief Justice Tom Gray join in the judgment *only* (expressly stating that he joined "no part of the Court's opinion"), the procedural posture of the case was a direct appeal by the State of an order granting deferred adjudication. As noted previous-

ly, the State does not have the right to appeal an order of deferred adjudication; therefore, the court of appeals did not have jurisdiction. If a court lacks jurisdiction, any judgment and opinion would be a nullity. *Ex parte Seidel,* 39 S.W.3d 221, 225 (Tex.Crim.App. 2001). Furthermore, even if *Hollis* were controlling authority, which it is not, it does not hold as White represents.

held that, as of 2003,[14] article 42.111 authorized a county court at law judge to grant deferred adjudication on appeal to a defendant who failed "for one reason or another" to invoke the procedures of article 45.0511 in justice court (not article 45.051) which authorized deferred adjudication upon completion of a driver's safety course. Because the offender in *Hollis* was not a commercial driver's license holder and the offense did not take place in a construction or maintenance work zone, the limitations of article 42.111 were not implicated by the facts of that case. The holding actually works against White's argument in that it holds that the authority of a county court at law judge to grant deferred adjudication following an appeal from a justice of the peace court is impacted by the provisions of another article found in Chapter 45 of the Texas Code of Criminal Procedure pertaining to proceedings in justice of the peace and municipal courts. If the provisions of article 45.0511 apply, then logically, the provisions of article 42.111 are not the sole statutory provisions affecting a county court judge's authority to defer an adjudication of guilt on appeal from a justice of the peace or municipal court.

CONCLUSION

Because White was not eligible for deferred adjudication pursuant to the provisions of article 42.111, through the application of article 45.051(f)(2)(A), we find Judge Sirmon failed to follow a ministerial duty by granting relief not authorized by law. Accordingly, Judge Sirmon is directed to withdraw the *Judgment of Deferred Disposition*, dated October 13, 2015, within ten days of the date of this order. Only if Judge Sirmon fails to comply with this order will a writ issue.

Simultaneous with its petition for writ of mandamus, the State filed a *Motion for Temporary Relief* seeking to prohibit Judge Sirmon from taking any further action in the underlying case pending disposition of the petition for writ of mandamus. That motion was granted. *See In re the State of Texas*, No., 2016 Tex.App. LEXIS 1085 (Tex.App.—Amarillo Feb. 2, 2016, order) (not designated for publication). Based on our disposition of the petition for writ of mandamus, we now dissolve that prohibition.

---

14. As noted in *Hollis*, articles 42.111, 45.051, and 45.0511 have frequently been amended.