# NO. 12-23-00058-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MICHAEL GLEN TUCKER,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Michael Glen Tucker appeals his conviction for over allowable gross weight (10,001-20,000 pounds over), specifically, 16,520 pounds. In a single issue, Appellant contends the trial court erred by not considering deferred adjudication. We affirm.

## BACKGROUND

On October 14, 2020, Texas Department of Public Safety Trooper Paul Shofner observed Appellant driving a log truck with bulging tires and logs up to the bolsters. Suspecting that the truck was overloaded, Trooper Shofner initiated a traffic stop and had Appellant weigh his load. The truck weighed in at 96,520 pounds, which was 16,520 pounds over the allowable gross weight. Therefore, Trooper Shofner issued Appellant a ticket.

Appellant pleaded "no contest" in the Justice of the Peace Court for Precinct 4 in Nacogdoches County. Thereafter, Appellant perfected a de novo appeal to the County Court at Law. At the de novo appeal, Appellant pleaded "not guilty," and the matter proceeded to a jury trial. Prior to trial, Appellant asked the court to consider deferred adjudication. The State argued that Appellant was not eligible for deferred adjudication because he holds a commercial driver's license. The court agreed and stated Appellant was not eligible for deferred adjudication. The jury ultimately found Appellant "guilty." At sentencing, the trial court again confirmed that it

would not consider deferred adjudication because Appellant holds a commercial driver's license and assessed punishment at a $4,000 fine. This appeal followed.

## AVAILABILITY OF DEFERRED ADJUDICATION

In his sole issue, Appellant urges the trial court erred in refusing to consider deferred adjudication under Article 45.051 of the Code of Criminal Procedure.

Article 45.051 allows justice of the peace or municipal court judges to suspend the imposition of sentence and defer an adjudication of guilt in misdemeanor offenses punishable by fine only. *See* TEX. CODE CRIM. PROC. ANN. art. 45.051(a) (West Supp. 2023). The most common application of this article is the deferral of proceedings in traffic offense cases. Operating an overweight vehicle is a misdemeanor punishable by a fine only. TEX. TRANSP. CODE ANN. § 621.506(b) (West 2021). However, Article 45.051(f) provides an important limitation to the statute's general application. It states that the article does not apply when (1) the offense occurs in a construction or maintenance zone or (2) the offense relates to motor vehicle control and the offender currently holds a commercial driver's license or held a commercial driver's license at the time the offense was committed. *See* TEX. CODE CRIM. PROC. ANN. art. 45.051(f); ***In re State***, 489 S.W.3d 24, 29 (Tex. App.—Amarillo 2016, no pet.).

Appellant contends that operating an overweight vehicle does not relate to motor vehicle control. As a result, he argues that the exception under Article 45.051(f) does not apply and the trial court should have considered deferred adjudication. However, Article 45.051, by its express terms, applies to justice of the peace and municipal courts. The Code of Criminal Procedure has a separate provision for deferral of proceedings in cases appealed to a county court. *See* TEX. CODE CRIM. PROC. ANN. art. 42.111 (West Supp. 2023). Thus, we apply Article 42.111 rather than Article 45.051.

Article 42.111 provides as follows:

> If a defendant convicted of a misdemeanor punishable by fine only appeals the conviction to a county court, on the trial in county court the defendant may enter a plea of guilty or nolo contendere to the offense. If the defendant enters a plea of guilty or nolo contendere, the court may defer further proceedings without entering an adjudication of guilt in the same manner as provided for the deferral of proceedings in justice court or municipal court under Article 45.051 of this code. This article does not apply to a misdemeanor case disposed of under Subchapter B, Chapter 543, Transportation Code, or a serious traffic violation as defined by Section 522.003, Transportation Code.

*Id.* Accordingly, upon perfection of an appeal from a justice of the peace or municipal court, the accused has the same right that he had below to enter a plea of guilty or nolo contendere. *In re State*, 489 S.W.3d at 27. The first part of the second sentence indicates the Legislature's intent that a county court judge's authority be somewhat more restricted than that of a justice of the peace or municipal court judge. Under Article 42.111, a county court judge may defer an adjudication in only two instances: (1) on a plea of guilty or (2) on a plea of nolo contendere. *Id.*, at 28; TEX. CODE CRIM. PROC. ANN. art. 42.111. But Appellant pleaded "not guilty" in the de novo appeal to the county court. Thus, the trial court could not consider deferred adjudication under the express terms of the statute. *See* TEX. CODE CRIM. PROC. ANN. art. 42.111. For this reason, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered January 24, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 24, 2024**

**NO. 12-23-00058-CR**

**MICHAEL GLEN TUCKER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the County Court at Law

of Nacogdoches County, Texas (Tr.Ct.No. CF2100349)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*