

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0205-24

## THE STATE OF TEXAS

### v.

## ANTHONY LUKE CUARENTA, Appellee

## ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE SEVENTH COURT OF APPEALS
## BRAZOS COUNTY

**MCCLURE, J., delivered the opinion for a unanimous Court.**

## <u>O P I N I O N</u>

The Texas Code of Criminal Procedure authorizes the State to "appeal a sentence in

a case on the ground that the sentence is illegal." *See* TEX. CODE CRIM. PROC. art. 44.01(b).

There exists a split among courts of appeals as to whether an order of deferred disposition

is considered an appealable "sentence" under this statute. The question has previously

come before this Court in *State v. Wilcox*, 18 S.W.3d 636 (Tex. Crim. App. 2000), where we dismissed the petition as improvidently granted. However, the issue rears its head again today. We now accept the Seventh Court of Appeals' invitation to resolve the split and hold that an order of deferred disposition is not a "sentence" within the meaning of Article 44.01(b). We therefore hold that the Court of Appeals was without jurisdiction over this appeal and reverse.

## FACTS

Appellee was stopped and ticketed for driving 82 mph in a 60-mph-zone, a Class C misdemeanor punishable by fine only. TEX. PEN. CODE § 12.23. In the Justice Court for Precinct 1 of Brazos County, he pleaded no contest and was found guilty. The court assessed his fine and fees. He then filed a *de novo* appeal in the County Court at Law Number 2 and pleaded not guilty. The county court found Appellee guilty[1] and suspended his sentence, deferred the disposition,[2] and placed him on probation for 180 days.[3]

---

[1] Art. 45A.302 is unique in that "[o]n a plea of guilty or nolo contendere by a defendant or on a finding of guilt in a misdemeanor case punishable by fine only and payment of all court costs, a judge may defer further proceedings for a period not to exceed 180 days without entering an adjudication of guilt." In Class B misdemeanors or greater, a finding of guilt does not allow the trial court the option to find guilt and not enter an adjudication saying as much.

[2] We note that the trial court in this case deferred the disposition rather than deferred the adjudication. For purposes of resolving the underlying statutory dispute, we see no material difference between the two. In both situations, the trial court may "defer further proceedings . . . without entering an adjudication of guilt." *See* TEX. CODE CRIM. PROC. arts. 45A.302, 42.111, 42A.101(a). Therefore, "deferred disposition" and "deferred adjudication" are used interchangeably in this opinion.

[3] The trial court acted under then-numbered Art. 45.051. Under H.B. 4504, effective January 1, 2025, this section has been renumbered as Art. 45A.302. H.B. 4504, 88th Leg., Reg. Sess. (Tex. 2025). We therefore refer to it as Art. 45A.302.

## DIRECT APPEAL

The State appealed to the Tenth Court of Appeals under TEX. CODE CRIM. PROC. art. 44.01(b). It argued that a suspended sentence and deferred disposition was an illegal sentence because Appellee held a commercial driver's license, which disqualified him from being eligible for community supervision. *See* TEX. CODE CRIM. PROC. art. 45A.301(2)(A).[4] The Texas Supreme Court transferred this case to the Seventh Court of Appeals pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. The Seventh Court of Appeals questioned its own jurisdiction "because a deferred finding of guilt does not implicate imposition of a sentence from which an appeal for an 'illegal' sentence would lie." *State v. Cuarenta*, No. 07-23-00339-CR at *2 n. 3 (Tex. App.—Amarillo Feb. 14, 2024)(not designated for publication). The State directed the court below to *State v. Hollis*, 327 S.W.3d 750 (Tex. App.—Waco 2010, no pet.), in which the Tenth Court of Appeals exercised jurisdiction over the State's appeal from an order granting deferred disposition.

However, the Seventh Court of Appeals had previously criticized *Hollis* as being "incorrectly decided." See *In re State*, 489 S.W.3d 24, 31 n. 13 (Tex. App.—Amarillo 2016, no pet.) ("[T]he State does not have the right to appeal an order of deferred

---

[4] The State appealed based on Art. 45.051(f)(2)(A). By operation of H.B. 4504, 88th Leg., Reg. Sess. (Tex. 2025), this section has now become Art. 45A.301(2)(A).

adjudication; therefore, the court of appeals did not have jurisdiction."). It also noted a split in authority on this issue across the state.[5]

Although the Seventh Court of Appeals maintained its stance that it should not have jurisdiction over this appeal, it was bound to follow the precedent of the Tenth Court of Appeals as the transferor court under TEX. R. APP. P. 41.3. Therefore, the Seventh Court exercised jurisdiction and reached the merits. It concluded that Appellee was not eligible for a suspended sentence and deferred disposition under TEX. CODE. CRIM. PROC. arts. 42.111, 45A.301(2)(A), and therefore reversed and remanded to the trial court for proper sentencing. Appellee timely filed a petition for discretionary review in this Court.

**APPELLEE'S PETITION AND STATE'S RESPONSE**

Appellee's petition relies on *State v. Baize*, 981 S.W.2d 204 (Tex. Crim. App. 1998) and *State v. Ross*, 953 S.W.3d 748 (Tex. Crim. App. 1997) for the proposition that an order of deferred disposition is not an appealable sentence under Article 44.01(b). In those cases, this Court held that "[f]or purposes of Art. 44.01(b), 'sentence' has the same meaning as in Article 42.02." *Baize*, 981 S.W.2d at 206 (citing *Ross*, 953 S.W.2d 748). In Article 42.02, the Legislature defined "sentence" to be "that part of the judgment, or order revoking a suspension of the imposition of a sentence, that orders that the punishment be carried into

_____

[5] *See In re State*, 489 S.W.3d at 32 (conditionally granting mandamus relief directing trial court to vacate an order deferring proceedings in a speeding offense case involving a defendant holding a commercial driver's license); *State v. Hollis*, 327 S.W.3d at 765 (exercising jurisdiction over State's appeal from order granting deferred adjudication in a speeding case). *See also State v. Binnion*, No. 09-21-00208-CR, at *4 (Tex. App.—Beaumont Aug. 25, 2021, no pet.) (mem. op., not designated for publication) (dismissing State's appeal from order granting deferred adjudication because State was appealing something other than a "sentence"); *State v. Sosa*, 830 S.W.2d 204, 205 (Tex. App.—San Antonio 1992, pet. ref'd) (finding jurisdiction over State's appeal from a deferred adjudication sentence); *State v. Wilcox*, 993 S.W.2d 848, 850 (Tex. App.—Austin 1999) (dismissing State's appeal of deferred adjudication sentence), *pet. dism'd as improvidently granted*, 18 S.W.3d 636 (Tex. Crim. App. 2000).

execution in the manner prescribed by law." The *Ross* Court held that the State could not appeal the lack of a deadly weapon finding because it was not part of a sentence, explaining that "a sentence is nothing more than the portion of the judgment setting out the terms of punishment." *Ross*, 953 S.W.2d at 750. Because a deferred adjudication does not fall within the 42.02 definition of "sentence," it may not be appealed under 44.01(b). *In re Watkins*, 315 S.W.3d 907, 908 (Tex. App.—Dallas 2010, no pet.) (citing *Ross*, 953 S.W.2d at 750).

In response, the State Prosecuting Attorney ("SPA") begins by agreeing that deferred disposition or deferred adjudication is not an appealable "sentence" under Article 44.01(b). It concedes this point in order to argue that the State should be able to use mandamus or prohibition to remedy an unauthorized grant of deferred.[6]

In the alternative, the State contends that the same argument it made in its brief in *State v. Wilcox*, which this Court dismissed as improvidently granted, is equally applicable and persuasive in the instant case. In its *Wilcox* brief, the SPA argued that the reasoning in *Ross* and *Baize* was flawed because it fails to effectuate the legislative intent behind Article 44.01(b) and leads to absurd results. The SPA contended instead that the Court should interpret "sentence" in 44.01(b) to include any erroneous trial court ruling and reasoning that results in an illegal punishment. The State incorporates and reiterates this argument in the instant case.

---

[6] The issue of whether mandamus is appropriate to address an allegedly illegal order of deferred disposition is not raised by the particular facts of this appeal and is therefore not before us today.

Further, the State looks to Judge Womack's dissent in *Ross*, which criticized how narrowly the court interpreted "sentence." 953 S.W.3d at 755. The dissent warned that construing "sentence" too narrowly would "prevent full appellate review of punishment issues when a sentence of confinement is imposed, [and] it also will make it impossible for the State to appeal most judgments granting community supervision because there is no Article 44.02 [sic] 'sentence' in most of such cases. (Only in a 'shock probation' judgment is there a sentence, the execution of which is suspended.) This cannot have been what the statute was intended to do." *Id*.

## LAW

Statutory construction is a question of law, which we review *de novo. Ramos v. State*, 303 S.W.3d 302, 306 (Tex. Crim. App. 2009). We first look to the statute to determine if its language is plain. We presume that the Legislature intended for every word to have a purpose, and we should give effect if reasonably possible to each word, phrase, and clause of the statutory language. *State v. Hardy*, 963 S.W.2d 516, 520 (Tex. Crim. App. 1997). We read "[w]ords and phrases . . . in context and constru[e] [them] according to the rules of grammar and usage." *Sanchez v. State*, 995 S.W.2d 677, 683 (Tex. Crim. App. 1999). If the language of the statute is plain, we follow that language unless it leads to absurd results that the Legislature could not have possibly intended.

When the plain language leads to absurd results, or if the language of the statute is ambiguous, we consult extra-textual factors to discern the Legislature's intent. *Boykin v. State*, 818 S.W.2d 782, 785–86 (Tex. Crim. App. 1991). The seminal rule of statutory

construction is to presume that the Legislature meant what it said. *Seals v. State*, 187 S.W.3d 417, 421 (Tex. Crim. App. 2005). In adhering to this rule, we show our respect for the Legislature and recognize that if it enacted into law something different from what it intended, it should amend the statute to conform to its intent. *Gets v. State*, 155 S.W.3d 153, 158 (Tex. Crim. App. 2005) (citing *Lamie v. United States Trustee*, 540 U.S. 526, 542, 124 S. Ct. 1023, 1034, 157 L. Ed. 2d 1024 (2004) ("It is beyond our province to rescue Congress from its drafting errors, and to provide for what we might think . . . is the preferred result.")).

## ANALYSIS

In the instant case, we are tasked with interpreting whether Article 44.01(b) provides for an order of deferred disposition to be appealable. TEX. CRIM. CODE PROC. art. 44.01(b) reads, "The state is entitled to appeal a sentence in a case on the ground that the sentence is illegal." By the plain language of the statute, the Legislature granted the State permission to appeal an allegedly illegal *sentence*, not an illegal judgment or illegal punishment. In asking this Court to broaden the definition of "sentence" to include deferred disposition, the State asks us to reject the plain text of Article 42.02. Article 42.02 defines "sentence" to be "that part of the judgment, or order revoking a suspension of the imposition of a sentence, that orders that the punishment be carried into execution in the manner prescribed by law."

An order of deferred disposition does not order that the punishment be carried into execution, nor does it revoke a suspension of the imposition of a sentence. Therefore, it is

not a sentence. In this case, there was not a judgment for the order to be a part of, considering "a judgment is the written declaration of the court . . . showing the conviction or acquittal of the defendant. The sentence served shall be based on the information contained in the judgment." TEX. CODE CRIM. PROC. art. 42.01 Sec. 1. In a deferred disposition, there is no judgment because there is no declaration of a conviction or acquittal. Without a judgment, there can be no sentence.

It is unnecessary to look beyond the plain text of the statute because it creates no ambiguity, nor does it lead to absurd results. One potential absurdity that the State points to is that, "under the Court's interpretation of these two subsections [of Article 44.01(a) and (b)], one would have to conclude that the Legislature in subsection (a) intended to confer to the State an expansive power to appeal pretrial rulings of the trial court that effectively terminate a prosecution, but the Legislature in subsection (b), as to an illegal sentence, intended to confer to the State the narrowest of appellate rights." *Wilcox* Brief for State at 7.

Even assuming this is true, it is not necessarily absurd. The Legislature may very well have intended (a) and (b) to have different scopes. Further, the difference between the plain language of (a) and (b) must be given meaning. In 44.01(a), the Legislature authorizes the State to appeal an *order* that takes one of the subsequent actions listed. In 44.01(b), the Legislature authorizes the State to appeal a *sentence* that is allegedly illegal. We must presume the Legislature knows the difference between an order and a sentence, and it would have written "order" if that is what it meant in subsection (b).

The State argues instead that the Court should interpret "sentence" in Article 44.01(b) to include any erroneous trial court ruling that results in an illegal punishment. But if the Legislature meant for "sentence" to signify something broader, it would have used a different word. The *Wilcox* brief begs the Court not to be "wedded" to the *Boykin* plain language construct and instead consider the purpose and context of the statute. Twenty-five years later, *Boykin* remains good law. There is no reason to look beyond the plain language of Article 44.01(b).

Previous case law also supports the conclusion that a deferred disposition order is not a sentence. In *Davis v. State*, 968 S.W.2d 368 (Tex. Crim. App. 1998), this Court stated that when a finding of guilt is deferred, no sentence is imposed. Further, in a deferred adjudication, "there is no conviction, and therefore, no sentence to impose or suspend." *Donovan v. State*, 68 S.W.3d 633, 636 (Tex. Crim. App. 2002). This Court touched on the issue previously by declaring, "[I]t appears that the State has no ordinary appellate remedy by which to challenge the trial court's order granting deferred adjudication community supervision in this case . . . ." *In re State ex rel. Mau v. Third Court of Appeals*, 560 S.W.3d 640, 648 (Tex. Crim. App. 2018).

In conceding that "sentence" does not include orders of deferred disposition, the State itself explains that the logical order of proceedings requires an adjudication of guilt before a sentence can be imposed, so delaying the adjudication of guilt necessarily means no sentence is imposed under 44.01(b). We agree.

**CONCLUSION**

Because deferring the disposition or adjudication is not a "sentence" within the meaning of an authorized appeal by the State under TEX. CRIM. CODE PROC. art. 44.01(b), the Court of Appeals lacked jurisdiction over this appeal. We therefore reverse the Court of Appeals' decision.

Delivered: January 22, 2025

Publish